UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JAMAL SCOTT,

    Plaintiff,

v.

BILGAN ERDOGAN, et al.,

    Defendants.

Civil Action No. 3:12-CV-02041

(Judge Kosik)

# MEMORANDUM

On October 11, 2012, Plaintiff, Jamal Scott, an inmate currently incarcerated at the State Correctional Institution - Huntingdon ("SCI-Huntingdon") in Huntingdon, Pennsylvania, filed this instant civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). In addition to filing his Complaint on October 11, 2012, Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis*. (Doc. 2). The Complaint was then sent to Magistrate Judge Thomas M. Blewitt where it was screened pursuant to 28 U.S.C. § 1915, in accordance with the Prison Litigation Reform Act of 1995. On November 19, 2012, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending dismissal of some of the defendants and claims. (Doc. 6). On December 7, 2012, Plaintiff filed Objections to the Report and Recommendation. (Doc. 9). For the reasons which follow, we will adopt, in part, the R&R of the Magistrate Judge.

## Background & Procedural History

Plaintiff filed his Complaint on October 11, 2012. (Doc. 1). In his Complaint, Plaintiff names the following defendants: (1) Bilgan Erdogan, Muslim Chaplain/Imam at SCI-Huntingdon; (2) Connie Green, Grievance Coordinator at SCI-Huntingdon; (3) Dorina Varner, Head Grievance Officer at Department of Corrections ("DOC") at Central Office; (4) the Facility Chaplaincy Program Director ("FCPD") at DOC at Central Office; (5) the FCPD employed at SCI-Huntingdon; (6) Tabb Bickell, Facility Manager at SCI-Huntingdon; (7) Deputy Superintendent in charge of facility programs at SCI-Huntingdon; and (8) John E.

Wetzel, Secretary of the DOC at Central Office. (*Id.*). As the Magistrate Judge points out, all of the defendants are employed by the DOC, making all of the defendants state actors for the purposes of this action. (Doc. 6, p. 2).

In his Complaint, Plaintiff alleges that Defendants have violated his First Amendment right to free exercise of religion and his rights under the Religious Land Use and Institutionalized Persons Act of 2000cc ("RLUIPA") by preventing him from practicing his "Orthodox Sunniyy (sic) Islamic religion." (Doc. 1, p. 5). Plaintiff specifically alleges that his exercise of religious freedom has been circumvented by Defendant Bilgan Erdogan "et al." by working "to funnel [him] to the Wahabiyy sect." (*Id.*). Plaintiff alleges his rights have been violated through the denial of prayer, the ability to perform rewardable prayer, the ability to fulfill Islamic Rites, Ramadan, and a means to learn Islam (including the use of religious clothing, oils, and materials such as books, audio tapes, and video tapes, failure to meet various dietary requirements of the religion, and a qualified teacher). (*Id.* at 5-7)

Plaintiff alleges that he has used the prison grievance procedure available at SCI-Huntingdon with respect to the above claims.[1] (*Id.* at 1). As relief, Plaintiff requests that Defendants provide him with all of the religious materials which he claims in his Complaint are required to practice his Orthodox Sunniyy Muslim religion, nominal, compensatory and punitive damages, and reimbursement for legal fees and attorney fees. (*Id.* at 7). In addition to the Complaint, Plaintiff also filed his Motion to Proceed *in forma pauperis* on October 11,

---

[1] As the Magistrate Judge explains:

In his Complaint, as stated, Plaintiff indicates that he utilized the grievance procedure available at SCI-Huntingdon regarding his claims. (Doc. 1, p. 1). Plaintiff must exhaust all of his available administrative remedies prior to filing a civil rights suit. Defendant has the burden to plead exhaustion as an affirmative defense. *See Ray v. Kertes*, 285 F. 3d 287, 295 (3d Cir. 2002). Further, Plaintiff is required to exhaust all of his administrative remedies available through the SCI-Huntingdon grievance procedure with respect to each of his claims prior to filing an action in federal court. *See Spruill v. Gillis*, 372 F.3d 218, 222 (3d Cir. 2004); *Dortch v. York County Prison*, 2009 WL 159196, *4 (M.D. Pa.). However, as noted above, exhaustion is an affirmative defense for Defendants to raise. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Dortch*, 2009 WL 159196, *4).

(Doc. 6, fn. 5)

2012. (Doc. 2).

The Complaint was screened by the Magistrate Judge pursuant to 28 U.S.C. § 1915. In the R&R, the Magistrate Judge recommends that the claims against Defendants Wetzel, Varner, and Green be dismissed with prejudice; that the claims against Defendants Bickell, FCPD at DOC, FCPD at SCI-Huntingdon, and Deputy Superintendent at SCI-Huntingdon be dismissed without prejudice, allowing Plaintiff a chance to amend his Complaint in regards to these claims; that the claims against Defendant Erdogan be allowed to proceed; and that any claims for monetary damages under the RLUIPA against all Defendants in both their individual and official capacities be dismissed with prejudice. (Doc. 6).

## Standards of Review

### I. Plaintiff's Objections to the Report and Recommendation

When objections are filed to a R&R of a magistrate judge, we review de novo the portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(c); *see Sample v. Diecks,* 855 F.2d 1099, 116 n.3 (3d Cir. 1989). Written objections to a R&R must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local R. 72.3. We may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); M.D. Pa. Local R. 72.3. Although our review is de novo, we are permitted to rely upon the magistrate judge's proposed recommendations to the extent that we, in the exercise of sound discretion, deem proper. *See United States v. Raddatz,* 447 U.S. 667, 676 (1980); *see also Goney v. Clark,* 749 F.2d 5, 7 (3d Cir. 1984).

### II. Screening Pursuant to 28 U.S.C. § 1915

28 U.S.C. § 1915 sets standards for on prisoners who file civil actions in federal court and wish to proceed *in forma pauperis.* Section 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious;

3

> (ii) <u>fails to state a claim on which relief may be granted</u>; or (iii) seeks monetary relief against a defendant who is immune from such relief.

(Emphasis added.) Federal Rule of Civil Procedure 12(b)(6) allows a defendant, in response to a complaint, to file a motion to dismiss a claim or claims for "failure to state a claim upon which relief can be granted. . . ." Section 1915(e)(2)(B)(ii) provides this ground for summary dismissal of a complaint (before service) - - failure to state a claim under Rule 12(b)(6) principles. A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint.

Under Fed. R. Civ. P. 12(b)(6), the court must accept as true the factual allegations in the complaint, and construe any inferences to be drawn from the allegations in Plaintiff's favor. *See Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007)(quoting *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005)). "The assumption of truth does not apply, however, to legal conclusions couched as factual allegations or to '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Marangos v. Swett*, No. 08-4146, 2009 WL 1803264 (3d Cir. June 25, 2009)(*citing Ashcroft v. Iqbal*, 556 U.S. 662, 677-679 (2009).

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain enough "facts to state a claim to relief that is plausible on its face" *Iqbal*, 556 U.S. at 677 (*quoting Bell Atlantic Corp. v.* Twombly, 550 U.S. 544, 570 (2007), and the factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations omitted); *accord Iqbal*, 556 U.S. at 685. The facts plead must offer more "than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.*, 556 U.S. at 678 (internal quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556). Further, a district court should provide leave to amend "when

amendment could cure the deficiency and would not be inequitable." *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002). A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend. *Id.* at 106.

## Discussion

### I. Section 1983

### A. Generally

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parrat v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d Cir. 1993). Section 1983 does not create substantive rights; it "merely provides a mechanism for enforcing individual rights 'secured' elsewhere . . . 'One cannot go into court and claim a violation of § 1983 - for § 1983 by itself does not protect anyone against anything.'" *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002) *quoting Chapman v. Houston Welfare Rights Org.*, 451 U.S. 287, 294 (1981).

In order for § 1983 liability to be appropriate, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) *quoting Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). The plaintiff must allege personal involvement, which "can be shown through allegations of personal direction or of actual knowledge or acquiescence," and must be pled with particularity. *Id.*, *see also Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980) (holding civil rights complaint adequate where it states time, place, conduct and persons responsible); *Hall v. Pa. State Police*, 570 F.2d 86, 89 (3d Cir. 1978) (holding a plaintiff's mere assertions that

his rights have been violated "without facts upon which to assess the substantiality of the claim" were insufficient to support a § 1983 action).

As discussed in the R&R, Plaintiff has failed to allege claims against Defendants Wetzel, Varner, Green, Bickell, FCPD at DOC, FCPD at SCI-Huntingdon, and Deputy Superintendent at SCI-Huntingdon. In regards to Defendants Wetzel, Varner, and Green, the Magistrate Judge found that Plaintiff's claims failed because inmates do not have a constitutional right to a grievance procedure and Plaintiff only named the supervisory Defendants based on their responses to Plaintiff's grievances and appeals. (Doc. 6, p. 7-9). In regards to Defendants Bickell, FCPD at DOC, FCPD at SCI-Huntingdon, and Deputy Superintendent at SCI-Huntingdon, the Magistrate Judge found that Plaintiff's claims failed because Plaintiff did not allege personal involvement of these Defendants as required by § 1983. (*Id.* at 9-12). Ultimately, the Magistrate Judge recommended allowing Plaintiff a chance to amend his complaint against Defendants Bickell, FCPD at DOC, FCPD at SCI-Huntingdon, and Deputy Superintendent at SCI-Huntingdon, but not as to Defendants Wetzel, Varner, and Green.

In his Objections, Plaintiff argues that he is a *pro se* plaintiff, and as such, he should be held to less stringent standards. He argues that his inclusion of "et al.", use of the term "their," and other references to "the prison," etc., are meant to be inclusive as to all Defendants and is clearly reflective on more than one person. (Doc. 9). He further states that all Defendants are involved based on the written and unwritten policies of the prison. (*Id.*).

Plaintiff's argument is only persuasive as to the fact that he is a *pro se* plaintiff, and as such he should be held to less stringent standards. Because of this, Plaintiff will be given a chance to amend his Complaint as to all Defendants.[2] Plaintiff should keep in mind that he must allege personal involvement of each of the individual Defendants, and that merely using

---

[2]Though the Magistrate Judge recommends that Plaintiff be allowed to amend the Complaint only as to some of the Defendants, because of his *pro se* status, we will allow Plaintiff a chance to amend his Complaint as to all of the Defendants.

plural terms and broad terms, such as "the prison," will not meet the requirements to state a successful § 1983 action. Plaintiff must plead the personal involvement of each § 1983 defendant with particularity. If Plaintiff chooses not to amend, the above Defendants will be dismissed from this action for failure to allege personal involvement. Plaintiff is also reminded that, to the extent that he has named Defendants Wetzel, Varner, and Green, the Magistrate Judge is correct in stating that there is no constitutional right to a grievance procedure. If, in his amended complaint, the only allegations of the personal involvement of these Defendants concern their responses to the grievance procedure and appeals, these claims will fail.

**2. The First Amendment**

The First Amendment offers protection for a wide variety of expressive activities. *See* U.S. Const. Amend. 1. These rights are lessened, but not extinguished in the prison context, where legitimate penological interests must be considered in assessing the constitutionality of official conduct. *See Turner v. Safley,* 482 U.S. 78, 89 (1987).

Although inmates retain certain protections afforded by the First Amendment, "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 348 (1987) (quotations omitted). In *Shabazz,* the Supreme Court determined that prison regulations that allegedly infringe upon an inmate's "religious" rights are protected by the First Amendment must be reviewed under a "reasonableness" test that is less restrictive than that ordinarily applied to alleged infringement of constitutional rights. *Id.* Specifically, when a prison rule or practice impinges on inmates' constitutional rights "the regulation is valid if it is reasonably related to legitimate penological interests." *Id.* at 349.

In determining whether a prison regulation, rule, or practice is "reasonably related," the following four factor test is applied: (1) whether there is a "valid, rational connection between

the prison regulation, rule or practice and the legitimate governmental interest put forward to justify it"; (2) whether there are "alternative means of exercising the right that remain open to prison inmates"; (3) "the impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally"; and (4) the availability of "ready alternatives" for furthering the governmental interest. *Turner,* 482 at 89-90.

The plaintiff bears the burden of persuasion. *Overton v. Bazzetta,* 539 U.S. 126, 132 (2003) (citations omitted) ("The burden, moreover, is not on the State to prove the validity of the prison regulations but on the prisoner to disprove it."). Moreover, "[w]e must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them." *Id.* (collecting cases). Great deference must also be afforded to prison administrators in the adoption and execution of policies and practices that are necessary to preserve the internal order and to maintain institutional security. *Bell v. Wolfish,* 441 U.S. 520, 527 (1979).

As the Magistrate Judge discusses in his R&R, at this point in the process, Plaintiff has only successfully alleged a § 1983 claim against Defendant Erdogan.

## II. Religious Land Use and Institutionalized Persons Acts of 2000cc ("RLUIPA")

The RLUIPA provides, in part:

(a) General rule. No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 2 of the Civil Rights of Institutionalized Persons Act (42 U.S.C. 1997), even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person - -

(1) is in furtherance of a compelling government interest; and

(2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1(a)(1) and (2). To prevail on a claim under the RLUIPA, an inmate must initially demonstrate that a substantial burden has been imposed on his religious exercise by

the State. *Logan v. Lockett,* 2009 WL 799749, *3 (W.D. Pa 2009).

"RLUIPA permits plaintiffs to 'obtain appropriate relief against a government.'" *Sharp v. Johnson,* 669 F.3d 144, 153 (3d Cir. 2012) (*quoting* 42 U.S.C. § 2000cc-2). As such, RLUIPA does not permit actions against state officials in their individual capacity. *Id.* Further, a claim for money damages against a defendant in their official capacity under RLUIPA is barred by the Eleventh Amendment. *Scott v. Beard,* 252 Fed. Appx. 491 (3d Cir. Pa. 2007). Because of this, the only relief Plaintiff can seek under the RLUIPA is injunctive relief.[3]

The Magistrate Judge recommended dismissal of the RLUIPA claims against Defendants in their individual capacities and dismissal of RLUIPA claims against Defendants in their official capacities for monetary damages. (Doc. 6, p. 15). The R&R recommended that the RLUIPA claims for injunctive relief be allowed to proceed only against Defendant Erdogan. (*Id.*). Plaintiff objected, arguing that these remedies were available to him under 42 U.S.C. § 1983. (Doc. 9, p. 5-6).

With respect to Plaintiff's claims for damages under the RLUIPA, any and all claims against Defendants in their individual capacities must be dismissed. Further, any and all claims against Defendants in their official capacities for monetary damages under the RLUIPA must also be dismissed. Plaintiff's RLUIPA claim for injunctive relief will be allowed to proceed against Defendant Erdogan.

### Conclusion

Plaintiff's claims against Defendants Wetzel, Varner, Green, FCPD at DOC, FCPD at SCI-Huntingdon, Bickell, and Deputy Superintendent at SCI-Huntingdon will be dismissed without prejudice. Plaintiff will be allowed twenty (20) days to amend his Complaint as to these Defendants. Plaintiff's claims for monetary damages against all Defendants in their

---

[3]That is not to say that Plaintiff is unable to seek relief in the form of monetary damages under 42 U.S.C. § 1983, only that he cannot seek monetary relief under the RLUIPA.

9

individual and official capacities will be dismissed with prejudice. Plaintiff's First Amendment free exercise of religion claims and RLUIPA claim for injunctive relief against Defendant Erdogan will be allowed to proceed. This action will then be remanded to the Magistrate Judge for further proceedings.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMAL SCOTT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BILGAN ERDOGAN, et al.,<br><br>　　　　Defendants. | Civil Action No. 3:12-CV-02041<br><br>(Judge Kosik) |

## ORDER

AND NOW, this 18th day of December 2012, IT IS HEREBY ORDERED THAT:

1. The November 19, 2012 Report and Recommendation (Doc. 6) of Magistrate Judge Thomas M. Blewitt is **ADOPTED**, in part;

2. Plaintiff's Objections (Doc. 9) are **OVERRULED**, in part;

3. The claims against Defendant Erdogan are allowed to proceed;

4. Plaintiff's RLUIPA claims are **DISMISSED WITH PREJUDICE** to the extent that they are brought against Defendants in their individual capacities and to the extent that Plaintiff seeks monetary damages against Defendants in their official capacities,

5. Plaintiff's claims against Defendants Wetzel, Varner, Green, FCPD at DOC, FCPD at SCI-Huntingdon, Bickell, and Deputy Superintendent at SCI-Huntingdon are **DISMISSED WITHOUT PREJUDICE**; however, Plaintiff is allowed twenty (20) days from the date of this Order in which to file an amended complaint as to these Defendants;

6. Plaintiff is advised that failure to file a timely amended complaint may result in dismissal of these Defendants; and

7. The above-captioned action is REMANDED to the Magistrate Judge for further proceedings.

　　　　　　　　　　　　　　　　　　　　　　／s／ Edwin M. Kosik
　　　　　　　　　　　　　　　　　　　　　　Edwin M. Kosik
　　　　　　　　　　　　　　　　　　　　　　United States District Judge