FILED
SCRANTON
MAR - 4 2013
PER _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JAMAL SCOTT,

    Plaintiff,

v.

BILGAN ERDOGAN, et al.,

    Defendants.

Civil Action No. 3:12-CV-02041

(Judge Kosik)

## MEMORANDUM

On October 11, 2012, Plaintiff, Jamal Scott, an inmate currently incarcerated at the State Correctional Institution - Huntingdon ("SCI-Huntingdon") in Huntingdon, Pennsylvania, filed the instant civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff filed an Amended Complaint on January 14, 2013. (Doc. 12). Magistrate Judge Thomas M. Blewitt screened the Amended Complaint pursuant to 28 U.S.C. § 1915, in accordance with the Prison Litigation Reform Act of 1995. On January 30, 2012, Magistrate Judge Blewitt issued a Report and Recommendation ("R&R") recommending that we only allow Plaintiff's Amended Complaint to proceed against Defendant Erdogan and that we dismiss all other defendants. (Doc. 13). The Magistrate Judge also recommended dismissing Plaintiff's sole request for relief in his Amended Complaint, and allowing Plaintiff's Request for Relief with respect to his First Amendment free exercise of religion claim and RLIUPA claim for injunctive relief asserted in his original Complaint as against only Defendant Erdogan to proceed. (*Id.*). Plaintiff filed his "Objections to the Magistrate's Report and Recommendation" on February 25, 2013.[1] (Doc. 15). For the reasons that follow, we will adopt, in part, the R&R of the Magistrate Judge.

### Background & Procedural History

Plaintiff filed his Complaint on October 11, 2012. (Doc. 1). In addition to filing his

---

[1] We note that objections to the R&R were due on February 16, 2013. Plaintiff filed his objections late, on January 25, 2013. (Doc. 15). Nevertheless, we will consider the Plaintiff's Objections to the R&R.

Complaint on October 11, 2012, Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis*. (Doc. 2). The Complaint was then sent to Magistrate Judge Thomas M. Blewitt where it was screened pursuant to 28 U.S.C. § 1915, in accordance with the Prison Litigation Reform Act of 1995. On November 19, 2012, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending dismissal of some of the defendants and claims. (Doc. 6). On December 7, 2012, Plaintiff filed Objections to the Report and Recommendation. (Doc. 9). On December 18, 2012 , we adopted, in part, the R&R, allowing the claim against Defendant Erdogan to proceed, and dismissing all other claims. We also gave Plaintiff an opportunity to amend his complaint as to Defendants Wetzel, Varner, Green, FCPD at DOC, FCPD at SCI-Huntingdon, Bickell, and Deputy Superintendent at SCI-Huntingdon.

Plaintiff filed an Amended Complaint on January 14, 2013. (Doc. 12). In his original Complaint, Plaintiff names the following defendants: (1) Bilgan Erdogan, Muslim Chaplain/Imam at SCI-Huntingdon; (2) Connie Green, Grievance Coordinator at SCI-Huntingdon; (3) Dorina Varner, Head Grievance Officer at Department of Corrections ("DOC") at Central Office; (4) the Facility Chaplaincy Program Director ("FCPD") at DOC at Central Office; (5) the FCPD employed at SCI-Huntingdon; (6) Tabb Bickell, Facility Manager at SCI-Huntingdon; (7) Deputy Superintendent in charge of facility programs at SCI-Huntingdon; and (8) John E. Wetzel, Secretary of the DOC at Central Office. (*Id.*). As the Magistrate Judge points out, all of the defendants are employed by the DOC, making all of the defendants state actors for the purposes of this action. (Doc. 6, p. 2).

The Magistrate Judge summarized the Amended Complaint as follows:

> In his Amended Complaint (Doc. 12, p. 1), Plaintiff states that on April 29, 2009, he agreed in writing to follow the suggestion of Deputy Superintendent Brian Corbin to try and work with Defendant Erdogan, the prison Muslim Chaplain, so that Erdogan could provide Plaintiff with the appropriate alternative to the "Salafiyy/Wahabiyy (sic)" teaching and services.
> Plaintiff states that after numerous in person requests and interviews, on November 27, 2009, he wrote a letter to Defendant Erdogan requesting Orthodox Islam services, literature, and electronic audio/visual classes. (*Id.* at p. 2). Plaintiff

2

avers that he sent copies of his letter to Mr. Koharchik, the FCPD of Huntingdon prison, and to Deputy Superintendent Brian Corbin, and that he did not receive a response from any of these three men.

In his Amended Complaint (Doc. 12, p. 2), Plaintiff states that then he filed, on February 8, 2010, a DOC "Inmate Religious Accommodation Request Form" (DC-ADM 819) to the FCPD requesting the things listed above. Plaintiff cites to Exhibit A attached to his Amended Complaint which is a copy of § 93.6 of the DOC policy regarding Religious Activities. Plaintiff avers that his "Inmate Religious Accommodation Request Form" was not answered. Plaintiff does not state with whom he filed his "Inmate Religious Accommodation Request Form."

Plaintiff states that on July 22, 2011, he wrote another letter to Mr. Bickell, the Superintendent of Huntingdon, informing him: that the North/East direction for Friday [prayer] service is incorrect; that Bilgan Erdogan and the FCPD were not responding to his request to staff forms with respect to his above stated requests; and that he requested Bickell to assist in his "endeavor to practice [his] religion." (*Id.*, p. 2). Plaintiff states that he sent copies of his July 22, 2011 letter to Defendants DOC Secretary Wetzel, [R]everend Morris (former DOC FCPD) and to Assistant Superintendent Green. Plaintiff states that on September 19, 2011, Defendant Bickell did respond, in part, to his requests contained in his (Plaintiff's) July 22, 2011 letter. Plaintiff states that Defendants DOC Secretary Wetzel, [R]everend Morris (former DOC FCPD) and [] Deputy Superintendent Green did not respond to his letter.

Finally, Plaintiff alleges that during the July 2012 fast of Ramadan, Defendant Erdogan and Heather Wiedel instituted rules for fasting which contradicted Islamic dictates, and allowed the "FCDP/Imam/Muslim Chaplain" to terminate an inmate's fast and to forfeit money that an inmate had paid for the feast. Plaintiff also states that Defendant Erdogan and Heather Wiedel did not give inmates any option as to the menu for the feast, and charged a kitchen expense for the food that was served in the feast despite the fact that the same food was served to the inmates in the general population for free. (*Id.*, p. 3).

Plaintiff concedes that his Amended Complaint does not state the personal involvement of Defendant Varner, but he avers that it properly states the personal involvement of Defendants DOC Secretary Wetzel, Deputy Superintendent Green, the FCPD at DOC (seemingly Morris), the FCPD at SCI-Huntingdon and Superintendent Bickell. (*Id.*, p. 4).

As the only request for relief in his Amended Complaint (Doc. 12, p. 4-5), Plaintiff requests the Court to reconsider its finding in its December 18, 2012 Memorandum (Doc. 10, p. 7) that if Plaintiff's only allegations of personal involvement in his amended pleading with respect to the dismissed Defendants concerns their responses to his grievances and appeals, these claims will fail since there is no constitutional right to a grievance procedure. As mentioned, seemingly in support of his request for relief, Plaintiff attached two Exhibits to his Amended Complaint. (Doc. 12, Exs. A & B). The first Exhibit (Doc. 12, Ex. A) consists of § 93.6 titled "Religious Activities" from section 506 of the Administrative Code of 1929 (71 P.S. § 186). Additionally, Plaintiff attached § 93.9 from section 506 of the Administrative Code of 1929 (71 P.S. § 186). This section is titled "Inmate Complaints" and provides that the DOC will maintain an inmate grievance system to seek review of any complaints about the conditions of an inmate's confinement in prison.

(Doc. 13, p. 9-11).

The Amended Complaint was screened by the Magistrate Judge pursuant to 28 U.S.C.

3

§ 1915. In the R&R, the Magistrate Judge recommends dismissing Plaintiff's Amended Complaint against Defendants Wetzel, Varner, Green, FCPD at the DOC Central Office (Morris), the FCPD employed at SCI-Huntingdon (Koharchik), Superintendent at SCI-Huntingdon Tabb Bickell, and the Deputy Superintendent in charge of facility programs at SCI-Huntingdon; dismissing Plaintiff's sole request for relief in his Amended Complaint; and allowing Plaintiff's Amended Complaint and First Amendment free exercise of religion claim and RLUIPA claim for injunctive relief as against only Defendant Erdogan and Plaintiff's Request for Relief with respect to his first Amendment free exercise of religion claim and RLUIPA claim for injunctive relief asserted in his original Complaint as against only Defendant Erdogan to proceed. (Doc. 13). Plaintiff filed Objections to the R&R on February 25, 2013. (Doc. 15).

## Standards of Review

### I. Plaintiff's Objections to the Report and Recommendation

When objections are filed to a R&R of a magistrate judge, we review de novo the portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(c); *see Sample v. Diecks,* 855 F.2d 1099, 116 n.3 (3d Cir. 1989). Written objections to a R&R must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local R. 72.3. We may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); M.D. Pa. Local R. 72.3. Although our review is de novo, we are permitted to rely upon the magistrate judge's proposed recommendations to the extent that we, in the exercise of sound discretion, deem proper. *See United States v. Raddatz,* 447 U.S. 667, 676 (1980); *see also Goney v. Clark,* 749 F.2d 5, 7 (3d Cir. 1984).

### II. Screening Pursuant to 28 U.S.C. § 1915

28 U.S.C. § 1915 sets standards for prisoners who file civil actions in federal court and wish to proceed *in forma pauperis*. Section 1915(e)(2) provides:

4

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) <u>fails to state a claim on which relief may be granted</u>; or (iii) seeks monetary relief against a defendant who is immune from such relief.

(Emphasis added.) Federal Rule of Civil Procedure 12(b)(6) allows a defendant, in response to a complaint, to file a motion to dismiss a claim or claims for "failure to state a claim upon which relief can be granted. . . ." Section 1915(e)(2)(B)(ii) provides this ground for summary dismissal of a complaint (before service) - - failure to state a claim under Rule 12(b)(6) principles. A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint.

Under Fed. R. Civ. P. 12(b)(6), the court must accept as true the factual allegations in the complaint, and construe any inferences to be drawn from the allegations in Plaintiff's favor. *See Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007)(quoting *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005)). "The assumption of truth does not apply, however, to legal conclusions couched as factual allegations or to '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Marangos v. Swett*, No. 08-4146, 2009 WL 1803264 (3d Cir. June 25, 2009)(*citing Ashcroft v. Iqbal*, 556 U.S. 662, 677-679 (2009).

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain enough "facts to state a claim to relief that is plausible on its face" *Iqbal*, 556 U.S. at 677 (*quoting Bell Atlantic Corp. v.* Twombly, 550 U.S. 544, 570 (2007), and the factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations omitted); *accord Iqbal*, 556 U.S. at 685. The facts plead must offer more "than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.*, 556 U.S. at 678 (internal quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

5

that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556). Further, a district court should provide leave to amend "when amendment could cure the deficiency and would not be inequitable." *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002). A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend. *Id.* at 106.

## Discussion

### I. Request for Relief

Plaintiff's Amended Complaint requests the following relief:

> I request that the Judge reconsiders whether an issue can be raised regarding the grievance process or lack thereof, in that the state legislature created a right to the grievance process with Pa. Title 37 Pa. Code § 93.9 *see* Exhibit B. If that is the case, the issue that I would raise would not be denial of the grievance, but denial of access to the process in retaliation of exercising my First Amendment right to petition the courts.

(Doc.12, p. 4-5). As the Magistrate Judge explains, Plaintiff's sole request for relief in his Amended Complaint is not a proper request in a Complaint under Rule 8(a) of the Federal Rules of Civil Procedure. (Doc. 13, p. 12-15). Though we liberally construe the filing of *pro se* plaintiffs, they are not free to ignore the Federal Rules of Civil Procedure. We will consider Plaintiff's First Amendment free exercise of religion claims and RLIUPA claim for injunctive relief asserted in his original Complaint as Plaintiff's relief request for his Amended Complaint.

If Plaintiff was dissatisfied with the Court's Order of December 18, 2012 (Doc. 10), he could have filed a motion for reconsideration. However, he did not. Regardless, the law is well-settled that inmates do not have a constitutionally protected right to a prison grievance system and that an official's handling of prison grievance procedures does not establish personal liability in a civil rights claim. *Jones v. North Carolina Prisoner's Labor Union, Inc.*, 433 U.S. 119, 137-38 (1977); *see also Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) *and Burnside v. Moser,* Civil No. 04-2458, 12-16-04 Order, p. 3, J. Muir, M.D. PA., aff'd 138

Fed. Appx. 414 (3d Cir. 2005). *See also Mitchell v. Dodrill,* 696 F. Supp. 2d 454, 469 (M.D. Pa. 2010). As such, we will not allow Plaintiff to use the grievance procedure as a basis for establishing the personal liability of any of the Defendants.

## II. Defendant Erdogan

The Magistrate Judge recommends that we allow the Amended Complaint to proceed as to Defendant Erdogan. The Magistrate Judge finds that Plaintiff has sufficiently stated the personal involvement of Defendant Erdogan in regards to the First Amendment free exercise of religion claim and RLUIPA claim for injunctive relief. We agree and we will allow the claims to proceed against Defendant Erdogan.

## III. Defendant Wetzel

In our previous Order (Doc. 10), we discussed the law concerning First Amendment and RLUIPA claims. For purposes of brevity, we will not reiterate those laws here. Though the Magistrate Judge concludes that Defendant Wetzel should also be dismissed from the action for lack of personal involvement, outside of the grievance procedure, Plaintiff again objects, arguing that Defendant Wetzel's personal involvement can be established because he had knowledge of and/or acquiesced in the violation of Plaintiff's rights by maintaining policies that violated Plaintiff's rights. In his Amended Complaint, Plaintiff specifically alleges that policy DC-ADM 819 violates his rights because it does not allow him daily use of prayer oil. For screening purposes, Plaintiff has sufficiently alleged a violation of his rights by Defendant Wetzel in maintaining this policy. Therefore the claims against Defendant Wetzel will be allowed to proceed.

## III. Defendants Varner, Green, FCPD at the DOC Central Office (Morris), the FCPD employed at SCI-Huntingdon (Koharchik), Superintendent at SCI-Huntingdon Tabb Bickell, and the Deputy Superintendent in charge of facility programs at SCI-Huntingdon

In a § 1983 civil rights action, the Plaintiff must prove the following two essential

elements; (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parrat v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d Cir. 1993). Section 1983 does not create substantive rights; it "merely provides a mechanism for enforcing individual rights 'secured' elsewhere . . . 'One cannot go into court and claim a violation of § 1983 - for § 1983 by itself does not protect anyone against anything.'" *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002) *quoting Chapman v. Houston Welfare Rights Org.*, 451 U.S. 287, 294 (1981).

In order for § 1983 liability to be appropriate, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) *quoting Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). The plaintiff must allege personal involvement, which "can be shown through allegations of personal direction or of actual knowledge or acquiescence," and must be pled with particularity. *Id.*, *see also Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980) (holding civil rights complaint adequate where it states time, place, conduct and persons responsible); *Hall v. Pa. State Police*, 570 F.2d 86, 89 (3d Cir. 1978) (holding a plaintiff's mere assertions that his rights have been violated "without facts upon which to assess the substantiality of the claim" were insufficient to support a § 1983 action).

The Magistrate Judge finds that Plaintiff does not establish any personal involvement of Defendant Varner, and Plaintiff concedes this point in his Amended Complaint. (Doc. 13, p. 15; Doc. 12, p. 3). The Magistrate Judge also found that the Amended Complaint failed to allege the personal involvement, beyond their participation in Plaintiff's grievances and appeals, of Defendants Varner, and Green. Finally, the Magistrate Judge found that the Amended Complaint did not show personal involvement on the part of Defendants FCPD at

the DOC Central Office (Morris), the FCPD employed at SCI-Huntingdon (Koharchik), Superintendent at SCI-Huntingdon Tabb Bickell, and the Deputy Superintendent in charge of facility programs at SCI-Huntingdon.

Plaintiff objects to this part of the R&R, arguing that the personal involvement of these Defendants can be established because these Defendants had knowledge of and acquiesced in the violation of Plaintiff's constitutional rights when they adopted and maintained a practice, custom, or policy that contributed to his rights violations. Plaintiff fails to allege the personal involvement of Defendants Varner, Green, FCPD at the DOC Central Office (Morris), FCPD employed at SCI-Huntingdon (Koharchik), Superintendent at SCI-Huntingdon Tabb Bickell, and Deputy Superintendent in charge of facility programs at SCI-Huntingdon. His broad conclusory allegations that these Defendants were personally involved when the adopted and maintained a practice, custom, or policy that contributed to his rights violations are not enough to maintain claims against these Defendants. As such, these Defendants will be dismissed from the action.

## Conclusion

Plaintiff's First Amendment free exercise of religion claim and RLUIPA claim against Defendants Erdogan and Wetzel will be allowed to proceed. All other Defendants are dismissed from this action. Plaintiff's Request for Relief with respect to his First Amendment free exercise of religion claim and RLIUPA claim for injunctive relief asserted in his original Complaint are allowed to proceed as against Defendants Erdogan and Wetzel. Plaintiff's sole request for relief in his Amended Complaint will be dismissed. Though Plaintiff has asked for another chance to amend his Complaint, we find that doing so is futile and we will not grant Plaintiff's request. *See Grayson v. Mayview State Hospital,* 293 F.3d 103, 111 (3d Cir. 2002); *Alston v. Parker,* 363 F.3d 229, 235-36 (3d Cir. 2004). This action will be remanded to the Magistrate Judge for further proceedings.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JAMAL SCOTT,

    Plaintiff,

v.

BILGAN ERDOGAN, et al.,

    Defendants.

Civil Action No. 3:12-CV-02041

(Judge Kosik)

## ORDER

AND NOW, this 4th day of March 2013, IT IS HEREBY ORDERED THAT:

1. The January 30, 2013 Report and Recommendation (Doc. 13) of Magistrate Judge Thomas M. Blewitt is **ADOPTED**, in part;

2. Plaintiff's Objections (Doc. 15) are **OVERRULED**, in part;

3. The claims against Defendants Erdogan and Wetzel are allowed to proceed;

4. Plaintiff's claims against Defendants Varner, Green, FCPD at DOC, FCPD at SCI-Huntingdon, Bickell, and Deputy Superintendent at SCI-Huntingdon are **DISMISSED**;

5. Plaintiff's sole request for relief in his Amended Complaint is **DISMISSED**;

6. Plaintiff's Request for Relief with respect to his First Amendment free exercise of religion claim and RLIUPA claim for injunctive relief asserted in his original Complaint are allowed to proceed as against Defendants Erdogan and Wetzel;

7. The above-captioned action is **REMANDED** to the Magistrate Judge for further proceedings.

Edwin M. Kosik
United States District Judge